IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
COLUMBIA DIVISION

| | | |
|---|---|---|
| Jamal R. Clavon, | ) | |
| | ) | Civil Action No.: 3:19-cv-03202-JMC |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **ORDER AND OPINION** |
| | ) | |
| South Carolina Department of Corrections, | ) ) | |
| Defendant. | ) ) ) | |

    Plaintiff Jamal R. Clavon ("Plaintiff") brought this action against his former employer, Defendant South Carolina Department of Corrections ("Defendant" or "SCDOC"), primarily claiming he was illegally discriminated against based upon his disability. (*See* ECF No. 1 at 4-6.) This matter is before the court upon review of Plaintiff's Objections (ECF No. 33) to the Report and Recommendation issued by the Magistrate Judge in August 2020 ("Report") (ECF No. 29). The Report recommended that the court dismiss this case because "[t]he Eleventh Amendment immunizes Defendant from . . . the [Americans with Disabilities Act ('ADA')] claims." (*Id* at 7.) The Report further recommended "declin[ing] supplemental jurisdiction" for Plaintiff's remaining state law claim. (*Id.*) For the reasons set forth below, the court **ACCEPTS** the Report and adopts its findings herein (ECF No. 29), and **GRANTS** Defendant's Motion for Judgment on the Pleadings (ECF No. 19) as set forth below.

### I. FACTUAL AND PROCEDURAL BACKGROUND[1]

    Plaintiff worked at SCDOC from November 2018 to mid-February 2019. (ECF No. 29 at 2.) Plaintiff asserts that he informed Defendant he suffered from cardiomegaly, a condition he

---

[1] The Report sets forth the relevant facts and legal standards, which this court incorporates herein without a full recitation.

1

claims was disabling, "at the time he was hired." (*Id.*) In late January 2019, Plaintiff had chest pains and sought medical attention, which resulted in him missing four days of work. (*Id.*) Plaintiff's supervisor purportedly claimed that Plaintiff missing "work based on doctor's orders was 'unacceptable.'" (*Id.*) Plaintiff then "filed a discrimination and Hostile Work Environment Complaint with Defendant." (*Id.*) He again missed work "from February 4-11, 2019," while under the care of a physician. (*Id.*)  Ultimately, Defendant terminated Plaintiff on February 17, 2019. (*Id.*) Plaintiff thereafter "filed a Charge of Discrimination with the South Carolina Human Affairs Commission . . . and the Equal Employment Opportunity Commission[.]" (*Id.*)

Plaintiff brought the instant Complaint in November 2019, claiming Defendant violated the ADA and South Carolina Human Affairs Law ("SCHAL"), retaliated against Plaintiff, and created a hostile work environment. (ECF No. 1 at 4-6.) Defendant filed a Motion for Judgment on the Pleadings in May 2020, contending in part that Plaintiff's ADA claims were barred by the Eleventh Amendment. (ECF No. 19 at 2-4.) Plaintiff filed a Response to the Motion (ECF No. 23), to which Defendant replied (ECF No. 25).

The Magistrate Judge issued the Report on August 18, 2020, suggesting the case be dismissed because the Eleventh Amendment immunized Defendant from Plaintiff's ADA claims. (ECF No. 29 at 4.) Specifically, while citing to binding precedent, the Magistrate Judge observed "that states and state agencies cannot be sued by private parties in federal court under Title I of the ADA";[2] "federal courts lack jurisdiction over cases against states or state agencies absent the State's express consent to be sued in federal court";[3] and "[t]he South Carolina Tort Claims Act

---

[2] (ECF No. 29 at 5-6 (citing *Board of Trustees of University of Alabama v. Garrett*, 531 356, 374 (2001)).)
[3] (ECF No. 29 at 5-6 (citing *Pennhurst State School and Hospital v. Halderman*, 465 U.S. 89 (1984)).)

2

expressly declines to give that consent."[4] The Magistrate Judge noted that Plaintiff did not distinguish or address Defendant's cited authorities, instead citing to portions of broad language within the South Carolina Tort Claims Act for support. (*Id.* at 5.) Despite Plaintiff's insistence, the Magistrate Judge explained that the "State's waiver of immunity" was simply not a "novel issue," because "clear statutory and case law provide that Plaintiff's ADA claims cannot proceed." (*Id.* at 5-6.) Lastly, assuming Plaintiff's ADA claims did not survive, the Magistrate Judge recommended declining to exercise supplemental jurisdiction over the remaining state law claim for several reasons, including that the case "is still in the discovery phase"; the SCHAL should be appropriately considered "in state court"; and this matter's dismissal without prejudice would "serve fairness and judicial economy by giving Plaintiff at least 30 days" to refile in state court. (*Id.* at 6-7.)

In response to the Report, Plaintiff filed Objections again contending that South Carolina is liable under the South Carolina State Tort Claims Act and "the State's waiver of immunity is a novel issue."[5] (ECF No. 33 at 3.) Defendant filed a brief Response to the Objections, noting Plaintiff brought the "same argument" that was before the Magistrate Judge. (ECF No. 34 at 2.)

## II. JURISDICTION

This court has jurisdiction over Plaintiff's ADA claims via 28 U.S.C. § 1331, as the claims arise under a law of the United States. The court additionally has supplemental jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. § 1367(a), because these claims "are so related

---

[4] (ECF No. 29 at 5-6 (citing S.C. Code § 15-78-20(e)).)
[5] Plaintiff further states "if the court finds that . . . Defendant is immune from liability . . . Plaintiff requests the court to dismiss the remaining South Carolina Human Affairs Law cause of action without prejudice with leave to bring in South Carolina State court." (ECF No. 33 at 3.)

3

to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution." *Id.*

### III. STANDARD OF REVIEW

A. <u>Report and Recommendation</u>

The Magistrate Judge's Report and Recommendation is made in accordance with 28 U.S.C. § 636(b)(1) and Local Civil Rule 73.02 for the District of South Carolina. The Magistrate Judge only makes a recommendation to this court. *See Mathews v. Weber*, 423 U.S. 261, 270-71 (1976). The recommendation has no presumptive weight, and the responsibility to make a final determination remains with the court. *Id.* The court reviews *de novo* only those portions of the Report and Recommendation to which specific objections are filed. *See Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005). The court reviews those portions which are not specifically objected to only for clear error. *Id.* at 316. The court may accept, reject, or modify, in whole or in part, the Magistrate Judge's recommendation or recommit the matter with instructions. 28 U.S.C. § 636(b)(1).

The court is charged with making the final determination of the pending matter as the Magistrate Judge's recommendation carries no presumptive weight. *See Mathews v. Weber*, 423 U.S. 261, 270-71 (1976). As such, the court reviews *de novo* those portions of the Report to which specific objections are made. *See* 28 U.S.C. § 636(b)(1); *see also* FED. R. CIV. P. 72(b)(3).Yet when no party offers timely, specific objections, the court "need not conduct a *de novo* review, but instead must only satisfy itself that there is no clear error on the face of the record . . . to accept the recommendation." *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (quoting FED. R. CIV. P. 72 advisory committee's note); *see Camby v. Davis*, 718 F.2d 198, 199

(4th Cir. 1983) (stating the court is not required to explain the Report's adoption if no party offers specific objections).

B. <u>Motion to Dismiss</u>

The Federal Rules of Civil Procedure provide that "[a]fter the pleadings are closed—but early enough not to delay trial—a party may move for judgment on the pleadings." FED. R. CIV. P. 12(c). A motion for judgment on the pleadings is intended to test the legal sufficiency of the complaint and will operate to dispose of claims "where the material facts are not in dispute and a judgment on the merits can be rendered by looking to the substance of the pleadings and any judicially noted facts." *Cont'l Cleaning Serv. v. UPS*, C/A No. 1:98-cv-1056, 1999 WL 1939249, at *1 (M.D.N.C. Apr. 13, 1999) (citing *Hebert Abstract v. Touchstone Props., Ltd.*, 914 F.2d 74, 76 (5th Cir. 1990)). "An issue of fact is deemed to be material if the outcome of the case might be altered by the resolution of the issue one way rather than another." *Walker v. Liberty Mut. Ins. Co.*, No. 4:16-cv-01388-RBH, 2017 WL 1020884, at *1 (D.S.C. Mar. 16, 2017). "[A] motion for judgment on the pleadings is decided under the same standard as a motion to dismiss under Rule 12(b)(6)." *Deutsche Bank Nat'l Trust Co. v. IRS*, 361 F. App'x 527, 529 (4th Cir. 2010) (citing *Independence News, Inc. v. City of Charlotte*, 568 F.3d 148, 154 (4th Cir. 2009)).

A motion pursuant to Rule 12(b)(6) "should not be granted unless it appears certain that the plaintiff can prove no set of facts which would support its claim and would entitle it to relief." *Mylan Labs., Inc. v. Matkari*, 7 F.3d 1130, 1134 (4th Cir. 1993). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct

alleged." *Id.* (citing *Twombly*, 550 U.S. at 556). The key difference between a Rule 12(b)(6) motion and a Rule 12(c) motion is that the court "consider[s] the answer as well as the complaint" and "documents incorporated by reference in the pleadings" on a Rule 12(c) motion. *Fitchett v. Cnty. of Horry*, No. 4:10-cv-1648-TLW-TER, 2011 WL 4435756, at *3 (D.S.C. Aug. 10, 2011) (citations omitted).

## IV. DISCUSSION

Objections to the Report and Recommendation must be specific. Failure to file specific objections constitutes a waiver of a party's right to further judicial review, including appellate review, if the recommendation is accepted by the district judge. *See United States v. Schronce*, 727 F.2d 91, 94 n.4 (4th Cir. 1984). In the absence of specific objections to the Magistrate Judge's Report and Recommendation, this court is not required to give any explanation for adopting the recommendation. *See Camby v. Davis*, 718 F.2d 198, 199 (4th Cir. 1983).

Here, the court concludes Plaintiff's objections restate his earlier arguments that were adequately addressed by the Report. For example, Plaintiff previously posited that South Carolina was liable under the South Carolina State Tort Claims Act (*compare* ECF No. 23 at 3, *with* ECF No. 33 at 3) and "the State's waiver of immunity is a novel issue" regarding his ADA claims (*compare* ECF No. 23 at 3, *with* ECF No. 33 at 3). Indeed, it appears Plaintiff copied these rehashed contentions almost verbatim into his Objections. The Magistrate Judge spent the bulk of the Report properly considering and addressing these arguments. (*See* ECF No. 29 at 3-6.) The court thus overrules Plaintiff's objections. The court otherwise finds no clear error on the face of the record.

Accordingly, the court dismisses Plaintiff's ADA claims, declines to exercise supplemental jurisdiction, and dismisses the remaining state law claim in this case without prejudice.[6]

## V. CONCLUSION

For the reasons discussed above, the court **ACCEPTS** the Report and Recommendation of the Magistrate Judge and adopts the findings herein (ECF No. 29), **GRANTS** Defendant's Motion for Judgment on the Pleadings (ECF No. 19), and **DISMISSES** Plaintiff's First Cause of Action for a violation of the ADA, Third Cause of Action for retaliation under the ADA, and Fourth Cause of Action for creating a hostile work environment under the ADA. (*See* ECF No. 1 at 4-6.) The court further **DISMISSES WITHOUT PREJUDICE** Plaintiff's sole remaining Second Cause of Action for a violation of the South Carolina Human Affairs Law (*see id.* at 5), with leave for Plaintiff to refile this claim in South Carolina state court.

**IT IS SO ORDERED.**

United States District Judge

February 24, 2021
Columbia, South Carolina

---

[6] As noted above, Plaintiff does not object to the Report's suggestion that this court decline supplemental jurisdiction if his ADA claims are dismissed. (*See* ECF No. 33 at 3.)